**In the Matter of Lawrence J. CLIFFORD.**

No. 71S00–0110–DI–550.

Supreme Court of Indiana.

Aug. 28, 2002.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the hearing officer's judgment on the Disciplinary Commis-

sion's *Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Facts:** Under Count I of the verified complaint, we find that after being hired by a client in 1987, the respondent failed to communicate with the client until 1999, despite inquiries by the client. In fact, the respondent petitioned the court to withdraw his appearance in 1993, but in 1999 informed the client that its case was progressing through mediation. Thereafter, the client terminated the respondent's representation of it and requested return of case file materials to which it was entitled. The respondent refused to turn over the materials (despite a court order to do so) for over one year and not until after the court found him in contempt. Under Count II, we find that the respondent failed to reduce a client's support claim to judgment and failed adequately to advise his client of the status of the claim.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.3, which requires a lawyer, in representing a client, to act with reasonable diligence and promptness; Prof.Cond.R. 1.4, which provides that a lawyer shall keep a client reasonably informed about the status of legal matters, promptly comply with a client's reasonable requests for information, and explain matters to the client to the extent reasonably necessary to permit the client to make informed decisions regarding the representation; Prof.Cond.R. 1.16(d), which provides that upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, including surrendering papers and property to which the client is entitled; Prof.Cond.R. 3.4(c), which provides that a lawyer shall not knowingly disobey an obligation under the rules of a tribunal; Prof.Cond.R. 8.1(b), which provides that a lawyer shall not knowingly fail to respond to a lawful request for information from a disciplinary authority; and Prof.Cond.R. 8.4(d), which prohibits a lawyer from engaging in conduct that is prejudicial to the administration of justice.

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of not fewer than six (6) months, effective October 5, 2002, at the conclusion of which the respondent may petition this Court for reinstatement to the bar.

The Clerk of this Court is directed to forward notice of this order to the respondent or his attorney, to the Disciplinary Commission, to the hearing officer, and to all other entities pursuant to Admis.Disc.R. 23(3)(d). Costs of this proceeding are assessed against the respondent.

All Justices concur.